UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-CV-03723-CAS (MRWx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | SHAWN DOLLAR, ET AL. V. GOLETA WATER DISTRICT, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mariah Gondeiro | Daniel Modafferi |

**Proceedings:** MOTION TO DISMISS A PORTION OF PLAINTIFFS' COMPLAINT (Dkt. 35, filed on SEPTEMBER 2, 2022)

## I.  INTRODUCTION

On June 1, 2022, plaintiffs Shawn Dollar, John Wayne, Raymundo Barbosa, Vincent Cerda, and Daniel Durbiano filed this action against defendants Goleta Water District ("GWD"), Kathleen Werner in her official capacity as the President of the Goleta Water District Board of Directors (the "Board of Directors"), Farfalla Borah in her official capacity as the Vice President of the Board of Directors, Bill Rosen in his official capacity as a member of the Board of Directors, Lauren Hanson in her official capacity as a member of the Board of Directors, David Matson in his official capacity as the Assistant General Manager of the Goleta Water District, and John McInnes in his official capacity as the General Manager of the Goleta Water District.  Dkt. 1 ("Compl."). Plaintiffs, who are all current or former employees of GWD, allege five causes of action: (1) violation of the Free Exercise Clause of the First Amendment to the U.S. Constitution under 42 U.S.C. § 1983; (2) violation of California's Fair Employment Housing Act, Cal. Gov't Code § 12940; (3) violation of the Free Exercise Clause of the California Constitution, Art. 1 Sec. 4; (4) violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution under § 1983; and (5) deprivation of civil rights under § 1983 and <u>Monell</u>.  <u>Id.</u>

On September 2, 2022, defendants filed a motion to dismiss plaintiff's fourth claim for relief for violation of the Equal Protection Clause of the Fourteenth Amendment, for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Dkt. 35.  On September 12, 2022, plaintiffs filed an opposition to defendants' motion to dismiss.  Dkt. 37.  On September 19, 2022, defendants filed a reply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:22-CV-03723-CAS (MRWx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | SHAWN DOLLAR, ET AL. V. GOLETA WATER DISTRICT, ET AL. | | |

in support of their motion to dismiss. Dkt. 38. The motion to dismiss is now before the Court.

On October 3, 2022, the Court held a hearing on defendants' motion to dismiss. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

II.    **BACKGROUND**

This action arises out of a Goleta Water District policy requiring that all GWD employees be vaccinated against COVID-19. Compl. ¶ 2. The vaccine policy was implemented on or around October 2021 and is still enforced. Id. GWD offers paid time off for employees to obtain the vaccine. Id. ¶ 25. Under the policy, employees can request exemptions from the vaccine requirement for religious and/or medical reasons. Id. ¶ 27. Exemptions are granted on a case-by-case basis. Id. Plaintiff employees requested exemptions from the vaccine policy on religious grounds, and their requests were granted. Id. ¶ 29.

Employees who are exempted from the vaccine requirement are offered accommodations, which require that unvaccinated employees take COVID-19 tests approximately twice per week, the cost of which the employees must cover. Id.; see also Exh. 3 at 3. Unvaccinated employees must additionally wear N95 masks and cannot enter certain buildings without prior authorization. Id.; see also Exh. 3 at 3-4. If unvaccinated employees do not accept these accommodations, they may take a temporary leave of absence. Id.; see also Exh. 3 at 4. Plaintiffs allege that, upon information and belief, independent contractors are not required to pay for bi-weekly COVID-19 tests. Id. ¶ 32. According to plaintiffs, GWD did not engage in negotiations with plaintiffs but rather provided the employees with the policy "on a take-it-or-leave-it basis." Id. ¶ 33.

Based on these allegations, plaintiffs allege that the vaccine policy, on its face and as applied, is an unconstitutional abridgment of plaintiffs' right to equal protection. Id. ¶ 65. Plaintiffs further allege that the policy discriminates against religion by requiring plaintiffs to wear N95 masks and take bi-weekly tests and restricting their entrance into certain buildings "because they have a religious exemption." Id. ¶ 66. According to plaintiffs, defendants have no rational, much less compelling, reason to discriminate against them. Id. ¶ 69.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-03723-CAS (MRWx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | SHAWN DOLLAR, ET AL. V. GOLETA WATER DISTRICT, ET AL. | | |

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-03723-CAS (MRWx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | SHAWN DOLLAR, ET AL. V. GOLETA WATER DISTRICT, ET AL. | | |

Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Defendants move to dismiss plaintiffs' cause of action alleging religious discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Dkt. 35 at 4. Defendants argue that plaintiffs have failed to allege facts demonstrating that the policy discriminates against religious employees on its face and that it was implemented with the aim of suppressing religious belief, as opposed to protecting health and safety. Id. Defendants contend that, on the contrary, the policy explicitly permits employees who object to the vaccine on religious grounds to request exemptions. Id. at 4-5. Thus, defendants argue, plaintiffs have not, and cannot, allege facts showing that the policy is facially unconstitutional. Id.

Next, defendants argue that plaintiffs have failed to allege that employees who requested exemptions for religious reasons were treated differently from similarly situated employees. Id. at 5. Defendants contend that the relevant comparator group for the equal protection analysis is employees who requested exemptions for medical (i.e., non-religious) reasons. Id. According to defendants, employees who requested exemptions for religious reasons and employees who requested exemptions for medical reasons were offered the same accommodations. Id. Thus, plaintiffs have not, and cannot, allege facts demonstrating that religious employees were treated differently because of their religion. Id.

In their opposition, plaintiffs argue that they have factually alleged that the vaccine policy is discriminatory on its face and as applied. Dkt. 37 at 5. Plaintiffs state that they do not need to allege that defendants' application of the policy intentionally has a disparate impact. Id. at 6. Rather, plaintiffs contend, they can allege an Equal Protection Clause violation by alleging that the "vaccine policy, 'on its face and as applied, is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-03723-CAS (MRWx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | SHAWN DOLLAR, ET AL. V. GOLETA WATER DISTRICT, ET AL. | | |

unconstitutional abridgment of [p]laintiffs' right to equal protection.'" Id. (quoting Compl. ¶ 65). Plaintiffs argue that they have alleged facts demonstrating that the policy is unconstitutional on its face because the Complaint states that defendants require plaintiffs to wear N95 masks and take bi-weekly tests and prohibit them from entering certain buildings "*because they have a religious exemption.*" Id. (quoting Compl. ¶ 66) (emphasis in original). Plaintiffs state that the policy does not impose the same requirements on similarly situated vaccinated employees "even though they pose a similar risk of infection and transmission of COVID-19." Id. With respect to their as-applied challenge, plaintiffs argue that they have alleged that the policy treats contractors more favorably than plaintiffs. Id.

Additionally, plaintiffs argue that they have adequately pled that the policy does not survive strict scrutiny. Id. at 7. Plaintiffs contend that vaccinated employees and plaintiffs pose a similar risk of infection and transmission of COVID-19 and that defendants failed to engage in less restrictive means of promoting their purported health and safety goal, such as negotiating with plaintiffs to determine whether less restrictive protocols were appropriate. Id. Thus, plaintiffs argue the "Complaint adequately alleges that [d]efendants have no rational, much less compelling, justification for their vaccine policy." Id.

Plaintiffs request that, in the event the Court determines the Complaint is deficient, they be granted leave to amend pursuant to Rule 15(a). Id. at 8. Plaintiffs argue that granting leave to amend would "serve justice and promote judicial efficiency" and would not prejudice defendants because this case is still in its early phases. Id.

Defendants' reply reiterates their argument that plaintiffs have failed to allege a facial violation given that the policy accommodates religious employees by exempting them from the vaccine requirement based on their religious beliefs. Dkt. 38 at 3. Defendants argue that plaintiffs have failed to allege an as-applied violation because plaintiffs have not alleged disparate treatment among employees who were exempted from the vaccine requirement. Id. Defendants further contend that vaccinated employees and independent contractors are not similarly situated to plaintiffs. Id. at 3-4. Vaccinated employees are treated differently from non-vaccinated employees because the policy, by definition, requires all employees to be vaccinated, unless they request an exemption. Id. at 3. And independent contractors are treated differently from plaintiffs because GWD lacks authority to control and direct independent contractors. Id. at 4. Thus, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-03723-CAS (MRWx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | SHAWN DOLLAR, ET AL. V. GOLETA WATER DISTRICT, ET AL. | | |

argue, plaintiffs cannot maintain an equal protection claim by comparing themselves to vaccinated employees or independent contractors. Id. at 3-4.

The Court concludes that the Complaint fails to adequately allege that the vaccine policy discriminates against plaintiffs on the basis of religion in violation of the Equal Protection Clause. The Equal Protection Clause provides that: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." Green v. City of Tucson, 340 F.3d 891, 896 (9th Cir. 2003) (quoting City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985)). "A denial of equal protection entails, at a minimum, a classification that treats individuals unequally." Coalition for Economic Equity v. Wilson, 122 F.3d 692, 707 (9th Cir.1997) (citing Adarand Constructors. Inc. v. Pena, 515 U.S. 200, 223–25 (1995)).

To allege an equal protection violation, a plaintiff may allege that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Such actions are subjected to "strict scrutiny" and "will only be sustained if they are suitably tailored to serve a compelling state interest." City of Cleburne, 473 U.S. at 439. Similar oversight is applied where state action "impinges on personal rights," otherwise framed as "fundamental rights," protected by the Constitution." Id. "Where the challenged governmental policy is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." Lee, 250 F.3d at 686 (citing Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264–66 (1977)).

Plaintiffs have not alleged facts showing that the policy discriminates against them because of their religion. The policy's vaccine mandate explicitly permits GWD employees to obtain exemptions on religious grounds, and plaintiff employees have all sought and been granted such exemptions. With respect to the accommodations, the restrictions plaintiffs identify (taking biweekly tests, wearing N95 masks, and refraining from entering certain buildings without authorization) are restrictions imposed on employees who are unvaccinated as opposed to employees who are vaccinated. Thus, plaintiffs have simply identified ways in which the policy distinguishes between employees based on their vaccination status. Similarly, in alleging that independent contractors are not subject to the same requirements under the policy, plaintiffs have not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-03723-CAS (MRWx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | SHAWN DOLLAR, ET AL. V. GOLETA WATER DISTRICT, ET AL. | | |

identified any facts showing that they are treated differently on the basis of their religion.[1]

When comparing similarly situated groups for the purposes of equal protection analysis, "[t]he groups need not be similar in all respects, but they must be similar in those respects relevant to the [d]efendants' policy." Ariz. Dream Act Coalition v. Brewer, 757 F.3d 1053, 1064 (9th Cir. 2014) (internal quotations and citations omitted). Here, vaccinated employees and independent contractors are not similar to plaintiffs "in those respects relevant to the [vaccine] policy," id., because, unlike plaintiffs (and employees granted non-religious exemptions), they either are vaccinated, and thus do not require the same public health cautions, or are not subject to the same vaccine policy requirements on account of their not being GWD employees. Accordingly, plaintiffs have not alleged how the policy denies them equal protection on the basis of their religion by pointing to ways in which vaccinated employees and independent contractors—who are not similarly situated to plaintiffs—are treated differently.[2]

---

[1] At oral argument, counsel for plaintiffs argued that the policy, by its express terms, applies to independent contractors. Counsel for plaintiffs further stated that the fact that the policy's requirements are enforced as to plaintiffs but not as to independent contractors gives rise to an as-applied equal protection violation. Counsel for defendants argued that, while the policy may state that it applies to independent contractors, GWD lacks authority to enforce the policy as to independent contractors. The Court finds that, regardless of whether the policy applies to independent contractors, plaintiffs have not alleged facts showing that the policy treats plaintiffs differently from independent contractors because of plaintiffs' religion. Instead, plaintiffs have simply alleged facts showing that independent contractors are treated differently from employees generally and that unvaccinated independent contractors are treated differently from unvaccinated employees.

[2] At oral argument, counsel for plaintiffs argued that they do allege that vaccinated employees are similarly situated to plaintiffs because the Complaint states that vaccinated and unvaccinated persons have similar rates of COVID-19 contraction and transmission. These allegations, however, support the contention that vaccinated and unvaccinated people are similarly situated. They do not demonstrate how the policy singles out plaintiffs on the basis of their religion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                         'O'

| Case No. | 2:22-CV-03723-CAS (MRWx) | Date | October 3, 2022 |
|---|---|---|---|
| Title | SHAWN DOLLAR, ET AL. V. GOLETA WATER DISTRICT, ET AL. | | |

Importantly, plaintiffs have not alleged that employees who receive exemptions on religious grounds are treated any differently from employees who receive exemptions on non-religious grounds. Instead, plaintiffs have only alleged that the policy treats them differently from other employees because of their vaccination status, not because of their religion. C.f. UnifySCC v. Cody, No. 22-cv-01019-BLF, 2022 WL 2357068, at *10 (June 30, 2022, N.D. Cal.) (finding that the accommodations framework of a Santa Clara County COVID-19 vaccine policy "target[ed] religious practices" because it "plac[ed] those with religious exemptions at a disadvantage behind those with secular exemptions" in the hiring of exempted employees for alternative work positions). Because plaintiffs have not alleged that the policy, on its face or as applied, treats them differently from employees exempted on non-religious grounds, that is, employees who are similarly situated to plaintiffs "in those respects relevant to the . . . policy," Ariz. Dream Act Coalition, 757 F.3d at 1064, the allegations in the Complaint fail "to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

Accordingly, the Court **GRANTS** defendants' motion to dismiss plaintiffs' fourth claim for relief for failure to state a claim upon which relief can be granted with leave to amend.

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss with leave to amend.

IT IS SO ORDERED.

|  | 00 : 14 |
|---|---|
| Initials of Preparer | CMJ |